IN THE UNITED STATES DISTRICT COURT
OF THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
FEB 07 2012
CLERK, U.S. DISTRICT COURT
WESTERN / OF TEXAS
BY_____ DEPUTY CLERK

CHARLES RAY PHILLIPS §
    Plaintiff, 

v. § Civil Action No.
    4:11-CV-00050-RAJ

BRAD LIVINGSTON, et al
    Defendants. §

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO EXTEND TIME

    Plaintiff, Charles Ray Phillips asks the court to extend time to file a response to Defendant Holly Campbell, L.V.N.'S Motion to Dismiss, as authorized by Federal Rule of Civil Procedure 6(b).

A. Introduction

    Plaintiff is Charles Ray Phillips; defendant is Holly Campbell. Plaintiff filed his Complaint pursuant to Title 42 U.S.C. § 1983. The above-styled and numbered cause of action was referred to the United States Magistrate Judge B. Dwight Goains on April 29, 2011. Plaintiff asserted claims for deliberate indifference to Plaintiff's medical needs, intentional infliction of emotional distress and "bad faith" against numerous defendants. Plaintiff has been granted leave to proceed in forma pauperis and has filed his Authorization and Consent form.

    Local Court Rule CV-7(f) provides that a party opposing a motion must file a response to the motion within (11) days of service of that motion. Any failure to file such a timely response may be construed by the Court as a lack of opposition to the motion and result in the Court granting the motion as unopposed. Additionally, if Plaintiff fails to respond in a timely manner to a motion filed by Defendant, the Court may dismiss Plaintiff's

1

case for want of prosecution.

The defendant's document was mailed certified mail on January 27, 2012. Date of mailing postmark was same. Date of mailing (generally, the postmark) + 3 days. Plaintiff received the motion on January 31, 2012. Which was after three days and needs more time to respond. Which plaintiff must file a reponse on or about February 10, 2012 counting January 28, 2012 as day one(1).

Plaintiff is a prisoner on the James A. Lynaugh Unit. The unit was placed on lockdown status for major shakedown on January 30, 2012. Plaintiff has no access to the Law Library during lockdown to research and file his opposing motion response, without the use of the Law Library and it's Law Books. The lockdown for the unit is expected to last until Saturday, February 11, 2012 or longer. Plaintiff filed this motion to extend time as soon as he became aware of the need for additional time and before the deadline.

### B. Argument

The Court may grant a request to extend time for good cause. Fed. R. Civ. P. 6(b)(1)(A); see **Jenkins v. Commonwealth Land TITLE Ins. Co.**, 95 F.3d 791, 795 (9th Cir.1996). Plaintiff requests an extension of time to respond to defendant's motion because plaintiff needs to hace access to Law Library and Law Books for reasearch and time to file a response that cannot be completed otherwise before the deadline because of the unit lockdown.

Plaintiff asks the Court to extend deadline for response to oppose Defendant's Holly Campbell, L.V.N. Motion to Dismiss until February 17, 2012. The Plaintiff's Motion for extension of time is being filed before the deadline. Plaintiff request to extend time is for good cause and is not intended to delay proceeding. See Fed. R. Civ. P. 6(b)(1)(A). The failure to act be the result of "excusable neglect." **Donald v. Cook Cty. Sherriff's Dept.**, 95 F.3d 548, 558 (7th Cir.1996). There is great danger to the plaintiff in allowing the granting of defendant's motion without allowing plaintiff the necessary extension to respond when all relevant circumstances surrounding the reason for the request. The length of the delay would not have any impact on judicial proceedings,

the reason for the delay, such as unit lockdown and no access to Law Library is beyond control of the plaintiff. The plaintiff has acted in good faith. Pioneer Inv., 507 U.S. at 395. In Pioneer, the Supreme Court identified a non exclusive list of factors as those stated above to consider when determining excusable neglect.

For these reasons, plaintiff ask the Court to extend the time to file a opposing response to Defendant Holly Campbell's, Motion to Dismiss until February 17, 2012.

Respectfully submitted,

*Charles Ray Phillips*

PRO SE: Charles Ray Phillips
Lynaugh Unit
1098 S. Hwy. 2037
Ft. Stockton, Tx. 79735

### DECLARATION UNDER PENALTY OF PERJURY

"I declare under penalty of perjury that the foregoing is true and correct."

EXECUTED ON February 2nd, 2012.

*Charles Ray Phillips*
Charles Ray Phillips

### CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing was on this 2nd day of February, 2012 was served by U.S. mail on the following attorney in charge for defendant, Holly Campbell: Arlene C. Matthews, at CRENSHAW, Dupree & Milam, L.L.P., P.O. Box 1499, Lubbock, Texas 79408.

*Charles Ray Phillips*
Charles Ray Phillips

Charles Phillips #546696
Lynaugh Unit
1488 S. Hwy. 2037
Ft. Stockton, TX.
79735

Legal Mail

7977283202

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
LUCIUS D. BUNTON III, U.S. COURTHOUSE
410 SOUTH CEDAR
PECOS, TEXAS
79772

MIDLAND TX 797
RIO GRANDE DISTRICT
03 FEB 2012 PM 1 T

USA FIRST-CLASS FOREVER
USA FIRST-CLASS FOREVER